# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 24-CR-436-TSC** |
| | : | |
| **MARK CHRISTIAN WROBLEWSKI** | : | |
| | : | |
| **Defendant.** | : | |

## Defendant's Motion to Dismiss with Prejudice

### 1. Introduction.

Mark Wroblewski was charged with misdemeanor offenses in connection with the events of January 6, 2021. *See* ECF 1. He pleaded guilty but received and accepted a presidential pardon before sentencing. The Court then partially granted and partially denied the government's Rule 48(a) motion to dismiss the case with prejudice – it dismissed, but without prejudice. *See* ECF nos. 28, 29.

Rule 48(a) motions can only be denied to protect a defendant, but the Court's order denying the government's request to dismiss with prejudice does the opposite, leaving Mr. Wroblewski with the prospect of arrest and re-prosecution. This was legal error because the Court cannot use a Rule 48(a) motion to the detriment of a defendant. The order was also ineffectual

because an unconditional pardon bars any further prosecution.   As such, the Court's determination was an abuse of discretion.   *See Koon v. United States,* 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").   To remedy this error, Mr. Wroblewski respectfully requests the Court enter the dismissal with prejudice.

## 2. Statement of relevant facts.

On January 6, 2021, Mr. Wroblewski attended the "Stop the Steal" rally in Washington, D.C.   *See* ECF no. 21 (PSR) at par. 14.   He then followed the crowd toward the Capitol and eventually walked through the building for around 10 minutes.   *Id.* at par. 15-19.   He was not armed, did not engage in any physical or threatening conduct, and carried a small American flag.   *See* ECF no. 23 (govt. sentencing memorandum) at 3-7; no. 24 (defense sentencing memorandum) at 6-7.

Three years later, the government filed a misdemeanor complaint based on the events, and Mr. Wroblewski wasee arrested in California in July 2024. He later pleaded guilty to two counts (disorderly conduct and unlawful parading in a Capitol building), and sentencing was scheduled for February 4, 2025.   *See* ECF no. 15 (plea agreement) and entry of 1/16/25 (minute order continuing sentencing).

On January 20, 2025, President Trump issued a proclamation "grant[ing] a full, complete and unconditional pardon to all [] individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021" and directing the attorney general to "pursue dismissal with prejudice of all pending indictments against individuals for their conduct related to" the same events.

The next day, the prosecutors filed a motion under Federal Rule of Criminal Procedure 48(a) requesting dismissal with prejudice.  *See* ECF no. 28.  The Court thereafter granted the request in part and denied it in part, dismissing the case but doing so without prejudice.  *See* ECF no. 29.  This motion follows.

### 3. The President's pardon power is plenary.

The Constitution provides that the President "shall have power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment."  *U.S. Const. art. II, § 2.*  As the Supreme Court explains, other than the limitation for impeachment, "[t]he power thus conferred is unlimited."  *Ex parte Garland*, 71 U.S. 333, 380 (1866).  The pardon power "extends to every offence known to the law, and may be exercised at any time after its commission, either before legal proceedings are taken, or during their pendency, or after conviction and judgment."  *Id.*

### 4. Mr. Wroblewski received an unconditional pardon.

Here, the language of President Trump's proclamation is unequivocal. As stated, it grants "a full, complete, and unconditional pardon to all [] individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021."[1]

That clause applies to Mr. Wroblewski, even though he had not been sentenced yet.    His guilty plea, which the Court accepted on October 22, 2024, rendered him "convicted*." See Boykin v. Alabama*, 395 U.S.238, 242 (1969) ("A plea of guilty is more than a confession which admits that the accused did various acts; *it is itself a conviction*; nothing remains but to give judgment and determine punishment.").    As further support, Mr. Wroblewski's Certificate of Pardon specifies that he "*was pardoned* by the Presidential Proclamation of January 20, 2025."    *See* Exhibit A (emphasis added).

As a result of, and as dictated by, the President's pardon, the government filed its motion to dismiss with prejudice under Rule 48(a), the proper vehicle for dismissal of a pending criminal charge.    *See, e.g., United States v. Smith*,

---

[1] Available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/ (last accessed February 5, 2025).

467 F.3d 785, 787-88 (D.C. Cir. 2006).

**5. The effect of an unconditional pardon is a complete bar to re-prosecution.**

As to the effect of Mr. Wroblewski's pardon, "it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching…." *Ex Parte Garland,* 71 U.S. at 381. Where a pardon is full and unconditional, the defendant "is thus placed beyond the reach of punishment of any kind." *Id.*

**6. The Court properly dismissed the case.**

Based on the pardon, the Court correctly granted the government's motion insofar as ordering dismissal. It erred, however, in denying dismissal with prejudice.

While Rule 48(a) requires "leave of the court," case law clarifies that clause is designed for a very limited purpose: "to *protect a defendant* against prosecutorial harassment, *e. g.,* charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (emphasis added). Here, of course, in requesting dismissal with prejudice, the

government's intention was to fully and completely end the current prosecution and any prospect of further "prosecutorial harassment" through subsequent charges. Indeed, as the Court recognized in its order, the "Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *See* ECF 29 at p. 2 (citing *United States v. Nixon,* 418 U.S. 683, 693 (1974).

Rather than honor this discretion, the Court's order does exactly what Rule 48(a) was designed to protect against: it leaves open the prospect of future "prosecutorial harassment," when the Executive—the President via unconditional pardon and the Attorney General via Rule 48(a) motion to dismiss with prejudice—have determined no further harassment is warranted.

The Court's determination therefore violated the principal that "the district court cannot second-guess the prosecutorial decisions of the Executive Branch or force the Executive to maintain ap prosecution it wishes to halt." *In Re Flynn*, 973 F.3d 74, 97 (D.C. Cir. 2020) (Rao, J., dissenting). As such, it was an abuse of discretion.    To correct it, the Court should order the dismissal with prejudice.

Dismissal with prejudice is the only way to provide Mr. Wroblewski with assurance that his pardon will preclude further prosecution.    *See Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("[t]here can

be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case.").

**7. Government position.**

The defense provided a draft of this motion to the government.   It responded that it takes no position on the motion.

**8. Conclusion.**

Mr. Wroblewski remains grateful that his case was dismissed.   He asked undersigned counsel to express his gratitude to the Court for its kind treatment during his case.   To fully honor the government's abandonment of the case along with his presidential pardon, though, Mr. Wroblewski respectfully request the Court modify its order to a dismissal with prejudice.

Respectfully submitted,

/s/ Jeremy Warren
Warren & Burstein
501 West Broadway, Suite 240
San Diego, CA 92101
Office: (619) 234-4433
Cell: (619) 200-7641
jw@wabulaw.com

# <u>Exhibit A</u>

Certificate of Pardon

# Donald J. Trump

### *President of the United States of America*

# Certificate of Pardon

## *Mark Christian Wroblewski*

was pardoned by the Presidential Proclamation of January 20, 2025. The pardon applies only to convictions for offenses related to events that occurred at or near the United States Capitol on January 6, 2021.

As directed by the Proclamation of Pardon and in witness whereof, the Office of the Pardon Attorney has caused the seal of the Department of Justice to be affixed below and issues this certificate of pardon to the named person.



*Done at the City of Washington, District of Columbia, on February 4, 2025.*

ID319332

## CERTIFICATE OF SERVICE

On this Wednesday, February 5, 2025, a copy of the foregoing was served on counsel of record for the government via ECF.

/s/ Jeremy Warren
Warren & Burstein
501 West Broadway, Suite 240
San Diego, CA 92101
Office: (619) 234-4433
Cell: (619) 200-7641
jw@wabulaw.com